# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2079 | **DATE** | 5/14/2003 |
| **CASE TITLE** | Oncology Therapeutics vs. Olympia Fields Internal Medicine | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Motion of Olympia Fields Eyecare, Ltd. to Dismiss [#19] is hereby **granted**. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 15 2003 date docketed | |
| | Notified counsel by telephone. | | | 41 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 5/14/2003 date mailed notice | |
| | courtroom deputy's initials FT/*eecy* | 03 MAY 14 PM 3:26 Date/time received in central Clerk's Office U.S. DISTRICT COURT | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ONCOLOGY THERAPEUTICS NETWORK )
JOINT VENTURE, L.P., )
)
Plaintiff, )
)
v. ) Case No. 01 C 2079
)
OLYMPIA FIELDS INTERNAL MEDICINE ) Magistrate Judge
ASSOCIATES, S.C. (INC.) d/b/a HORIZON ) Arlander Keys
HEALTHCARE ASSOCIATES, S.C. and )
OLYMPIA FIELDS EYECARE, LTD. )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff, Oncology Therapeutics Network Joint Venture, L.P. ("Oncology"), filed suit against Olympia Fields Internal Medicine Associates, S.C. d/b/a Horizon Healthcare Associates, S.C. ("OFIMA"), and Olympia Fields Eyecare, Ltd. ("Eyecare"), alleging that these Defendants ordered and received merchandise from Oncology and have refused to pay for that merchandise. Eyecare filed a Motion to Dismiss, arguing that it never ordered or received merchandise from Oncology, and denying any business affiliation with OFIMA that would justify holding Eyecare responsible for OFIMA's debts. In addition, Eyecare claims that it has never been served with a summons and the Complaint in this

case. For the reasons set forth below, the Court grants Eyecare's Motion to Dismiss.

**FACTS**

Oncology is a Delaware limited partnership, based in California, that manufactures and sells pharmaceuticals used in the treatment of cancer. (Plaintiff's Memo at 1.) OFIMA is a general medical practice with its principal place of business in Illinois, at 2605 West Lincoln Highway in Olympia Fields. (OFIMA's Resp. at 2.) Eyecare is an ophthalmology medical practice with its principal place of business in Illinois, located at 2555 West Lincoln Highway in Olympia Fields. (Oncology's Statement of Facts at 2.)

Oncology claims that OFIMA and Eyecare failed to pay for pharmaceuticals ordered by and delivered to OFIMA. Oncology presents twenty-three invoices for merchandise that it has shipped, but for which it has not received payment in full, as well as seven invoices for finance charges related to the unpaid merchandise.[1] (Mot. Summ. J. Ex. 2.) Each of these invoices states that the customer is "Olympia Fields Internal Med.," and lists the customer's address as "2605 W. Lincoln Hwy. #130" in Olympia Fields, Illinois. (Id.)

---

[1] Oncology states that there are thirty-one invoices at issue. (Bennett Aff. at ¶ 3). However, the Court finds only thirty invoices in the parties' submissions. (Mot. Summ. J. Ex. 2.)

OFIMA acknowledges that it ordered merchandise from Oncology, that it accepted merchandise from Oncology, and that it received invoices from Oncology for the merchandise. (OFIMA Answer at 5, 6.) Further, OFIMA has paid $15,842.54 towards the merchandise balance. Also, OFIMA has introduced rebate vouchers for $6,829.64, which OFIMA states were issued by Oncology toward the outstanding merchandise balance. The evidence also indicates that Oncology and OFIMA attempted to resolve this dispute by agreeing to a payment plan, which, apparently, was unsuccessful.

Nevertheless, the evidence clearly demonstrates that OFIMA has never entered into a written contract with Oncology. (Reply to Statement of Add'l Uncontested Facts at 2; Jennetten Aff. at ¶ 4.) Oncology admits as much, but bases its contract claim upon the contract it has with Eyecare. Eyecare entered into a written credit contract with Oncology in March 1995. (Am. Compl. Ex. 1.) This contract stipulated that Eyecare would incur a finance charge on invoices that were more than seventy-five days past due at a rate of twelve percent per annum, and that in the event of default by Eyecare, Oncology would be entitled to reasonable attorney's fees and collection costs. (*Id.*) This agreement listed Eyecare's address as "2555 W. Lincoln Hwy.," and was signed by Eyecare's president, Sharon Burke. (*Id.*)

Eyecare concedes that it entered into a contract with Oncology, but denies ordering any goods from Oncology and denies

3

that it and OFIMA are related business entities.  OFIMA and Eyecare have each introduced affidavits that state that they have no common ownership, no common business, no common employees, and no common shareholders, directors, or officers (Jennetten Aff. at ¶ 3; Burke Aff. at ¶ 4.)  Further, Sharon Burke, M.D., president of Eyecare, and signatory to the contract, is not an owner, employee, or agent of OFIMA.  (Id. at ¶ 6.)  Oncology has not introduced any evidence contradicting these affidavits.

**DISCUSSION**

**A. Eyecare's Motion to Dismiss Pursuant to Rule 12(b)(5).**

A Motion to Dismiss pursuant to Rule 12(b)(5) tests the sufficiency of service of process.  Fed. R. Civ. P. 12(b)(5) (failure to effectuate service is basis for dismissal.)  "When the sufficiency of service is challenged, plaintiff bears the burden of making a prima facie showing that service was properly effected and that personal jurisdiction exists."  *Trotter v. Oppenheimer & Co. Inc.*, No. 96 C 1238, 1997 WL 102531, at*2 (N.D. Ill. Mar. 4, 1997).

Federal Rule of Civil Procedure 4 sets forth the requirements for properly serving a defendant.  Fed. R. Civ. P. 4.  Rule 4(m) requires a plaintiff to serve the summons and complaint upon the defendants within 120 days after the filing of the compliant.  Fed. R. Civ. P. 4(m).  Under Rule 4(h)(1),

service must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); see also Trotter, at *2, n 4 (service upon a party's attorney is insufficient unless the party appointed the attorney for that specific purpose.) Plaintiff did not comply with Rule 4 with respect to Defendant Eyecare. Even though this lawsuit was filed on March 23, 2001, Oncology has never served a summons or its Complaint upon Eyecare or its designated representatives.

The Court can extend the time for service if the plaintiff shows good cause for failing to effect timely service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th cir. 1996). In order for good cause to be shown, the plaintiff must demonstrate that it conducted "reasonable diligence" in attempting service. *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993).

In this case, Oncology does not advance a good cause argument[2]. Instead, Oncology claims that Eyecare's general

---

[2] Oncology advances a circular argument in support of its claim that Eyecare's improper service argument is procedurally defective. Specifically, Oncology claims that, because Eyecare's Motion could/should be converted to a Motion for Summary Judgment, it is not a Motion to Dismiss pursuant to Rule 12(b)(5). And because objections to improper service must be brought pursuant to Rule 12(b)(5), the Court must reject Eyecare's improper service arguments, because they are contained in the newly-converted Motion for Summary Judgment. Oncology's

5

appearance in this matter, and subsequent failure to object, waive its objection to improper service. *Hernandez v. Officer Lara,* 2001 WL 629309, at *1 (N.D. Ill. May 25, 2001) ("a defendant waives the defense of improper service if he makes an appearance in the case without reserving an objection.") Oncology notes that the attorneys representing OFIMA also filed an appearance on behalf of Eyecare, and that these attorneys never objected to Oncology's service of process as insufficient[3].

The problem with Oncology's argument is that Eyecare has presented unrefuted evidence that Eyecare never authorized the attorneys representing OFIMA to enter an appearance on its behalf. In support of its position, Eyecare cites to *Guess ? Inc. v. Chang,* 163 F.R.D. 505, 507 (N.D. Ill. 1995), in which the court held that service accepted by an unauthorized attorney is ineffective. The plaintiff claimed that counsel, who was acting as the defendant's attorney, agreed to accept service on the defendant's behalf. *Id.* at 507-08. When the defendant later challenged the service as ineffective, claiming that she had not authorized the attorney to accept service on her behalf, the plaintiff asked the court to find the service sufficient, because

---

argument borders on the absurd, and is rejected by the Court.

[3] It is unclear when counsel for OFIMA affirmatively asserted that they were also representing Eyecare. Early appearances and documents filed by these attorneys reference only OFIMA. It is not until 2002 that counsel and certain filings begin referring to Eyecare as well.

6

the plaintiff had allegedly been misled by the defendant's counsel. *Id.* at 508.

The court rejected the plaintiff's argument, stating that, in determining whether apparent authority to accept service exists, the court should properly focus on the acts of the client, and not the representations of counsel. *Id.* (finding that it is the client's representations and intentions - not counsel's --that control.) Absent evidence that the defendant misled the plaintiff into believing that counsel was authorized to accept service, the court found that the service upon counsel was ineffective.

Although the *Guess* case is distinguishable -ie., this case concerns the waiver of insufficient service as opposed to the acceptance of service - the Court finds that the same principles should apply. Eyecare has presented unrefuted evidence that, despite counsel's conduct or representations, it never authorized OFIMA's attorneys to appear on its behalf. Eyecare contends that it was not even aware of the existence of this suit, until a credit check revealed the litigation in September of 2002. If unauthorized counsel cannot accept service for a defendant, the Court will not permit counsel, acting without Eyecare's knowledge or consent, to waive an objection to improper service on Eyecare's behalf. *See generally, Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) ("'An appearance ordinarily is an overt act

7

by which the party comes into court and submits to the jurisdiction of the court.'") (quoting 28 Fed. Proc. (L.Ed.) § 65.137 at 526 (1984)). Therefore, the Court finds that Eyecare did not waive its objections to Oncology's failure to serve it with process.

Oncology then asks the Court for leave to conduct additional discovery into the matter, seeking to depose counsel for OFIMA to see if they acted with Eyecare's knowledge and authorization[4]. But the burden of establishing proper service in the first instance lies with Oncology. Requesting additional discovery at a time when discovery is complete, on an issue for which it bears the burden of proof, is a case of too little too late. Oncology had the burden of ensuring that its service of process was proper, and it has failed to carry this burden. Therefore, the Court grants Eyecare's Motion to Dismiss pursuant to Rule 12(b)(5).

---

[4] Counsel for Oncology filed an affidavit pursuant to Rule 56(f), requesting additional time to respond. Eyecare addresses the obvious deficiencies of the affidavit - ie, it fails to demonstrate why counsel cannot respond to Eyecare's affidavits, see *U.S. v. Onleong Chinese Merchants Ass'n Building*, 918 F.2d 1289, 1295 (7th Cir. 1990)- in the Rule 12(b)(6)/Rule 56 section of its Reply Memorandum. Notably the *Oneleong Chinese Merchant* case and other cases cited by Eyecare all concern the resolution of motions filed as and labeled summary judgment motions. Rule 12(b), not Rule 56 controls, when determining the propriety of converting a Rule 12(b)(6) motion to a Rule 56 motion. Nevertheless, the Court finds that additional discovery is not warranted in this case.

8

## B. Alternatively, Eyecare is not Responsible for OFIMA's Debt.

Even if the Court had rejected Eyecare's Motion on the basis of Rule 4 and Rule 12(b)(5), the Court agrees that Oncology's claims against Eyecare must fail, because Oncology is unable to demonstrate a relationship between Eyecare and OFIMA that would warrant holding Eyecare liable for OFIMA's debts. Although Eyecare's Motion was initially styled as one seeking dismissal under Rule 12(b)(6)[5]( as well as Rule 4 and Rule Rule 12(b)(5)), both parties concede that proper resolution of this claim might require consideration of materials outside the four corners of Oncology's Complaint. *See Jacobs v. City of Chicago*, 215 F.3d

---

[5] In reviewing Eyecare's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all well-pled factual allegations in the Complaint as true, making all permissible inferences in Oncology's favor. *Gonzalez v. City of Chicago*, 239 F.3d 939, 940 (7th Cir. 2001). Eyecare's Motion to Dismiss tests the sufficiency of the Complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will dismiss the Complaint only if "it appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Colfax Corp. v. Ill. State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). The Court, however, need not strain to find inferences favorable to Oncology that are not apparent on the face of the Complaint. *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977).

In this case, dismissal pursuant to Rule 12(b)(6) would be inappropriate. Eyecare argues that the Complaint and attached exhibits clearly demonstrate that OFIMA, and not Eyecare, ordered and received the goods in question. The Court agrees, but notes that Oncology further pleads that the goods were ordered on Eyecare's account, that OFIMA had agreed to assume Eyecare's debts under the contract between Eyecare and Oncology, and that Oncology had never relieved Eyecare of its obligations on its account and under its contract. Assuming these facts are true, it is possible that Oncology could obtain relief from Eyecare.

9

758, 765 (7th Cir. 2002) (discussing the court's ability to convert a Rule 12(b)(6) motion into a motion for summary judgment.)

The Federal Rules of Civil Procedure permit courts to convert Rule 12(b)(6) motions into motions for summary judgment under certain circumstances. Rule 12(b) provides that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). Oncology argues that Eyecare's Motion to Dismiss should be treated as a Motion for Summary Judgment, but insists that entry of summary judgment in favor of Eyecare, at this time, would be premature. Specifically, Oncology argues that, because Eyecare and OFIMA are located, virtually, across the street from one another, Oncology should be permitted to obtain additional testimony from Eyecare and OFIMA in an effort to establish a binding professional relationship between the two. Oncology's argument is not particularly compelling.

Nevertheless, Rule 12(b) does require the Court to provide the non-moving party with sufficient time to address all evidentiary issues before converting a motion to dismiss into a motion for summary judgment. Ordinarily, the Court would afford

10

a plaintiff additional time to conduct such discovery. However, the unusual procedural posture of this case obviates the need for permitting Oncology additional time for discovery.

Discovery in this matter is closed, and Oncology has already filed a (winning) Motion for Summary Judgment against OFIMA. Although Oncology's Summary Judgment Motion against OFIMA was successful, this Court specifically commented on Oncology's inability to produce any admissible evidence tending to show that OFIMA had agreed to assume Eyecare's liabilities under its contract with Oncology, that Eyecare was professionally affiliated with OFIMA, or that Eyecare was even aware that Oncology had permitted OFIMA to order goods from Oncology under Eyecare's account number. And because Oncology has essentially conceded that its claims against Eyecare are contingent upon its ability to demonstrate that OFIMA ordered the goods on Eyecare's account, with Eyecare's knowledge and permission – and not because of Oncology's error and/or OFIMA's deception – additional discovery would be fruitless.

Therefore, even if the Court had found that Eyecare had waived its objections to Oncology's failure to serve it with a summons or complaint, the Court would nevertheless grant Eyecare's Motion pursuant to Rule 56.

## CONCLUSION

For the aforementioned reasons, the Court finds that

Plaintiff has failed to properly serve process upon Defendant Eyecare. Alternatively, the Court finds that Oncology's failure to establish a binding professional relationship between Eyecare and OFIMA warrants granting Eyecare's Motion.

**IT IS THEREFORE ORDERED** that Defendant Eyecare's Motion to Dismiss be, and the same hereby is, GRANTED.

May 14, 2003               E N T E R:

*[signature: Arlander Keys]*

ARLANDER KEYS
United States Magistrate Judge