# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2079 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Oncology Therapeutics Network vs. Olympia Fields Internal Medicine | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motion to amend judgment to include prejudgment interest [#45] is hereby **granted.** This Order disposes of all outstanding motions. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | NOV 1 4 2003 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 54 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/13/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| FT/*pery* | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ONCOLOGY THERAPEUTICS NETWORK )
JOINT VENTURE, L.P., )
)
Plaintiff, )
)
vs. ) Case No.: 01 C 2079
)
OLYMPIA FIELDS INTERNAL MEDICINE ) Magistrate Judge
ASSOCIATES, S.C. (INC.) d/b/a ) Arlander Keys
HORIZON HEALTHCARE ASSOCIATES, )
S.C., )
)
Defendant. )

### MEMORANDUM OPINION AND ORDER

On May 12, 2003, this Court entered Summary Judgment in favor of Oncology Therapeutics Network Joint Venture, L.P. ("OTN") and against Olympia Fields Internal Medicine Associates, S.C. ("OFIMA"). OTN now asks the Court to amend that judgment to add an award of prejudgment interest. For the reasons set forth below, the Court grants OTN's motion.

### FACTS

OTN manufactures and sells pharmaceuticals used to treat cancer. OTN sold and delivered various products to OFIMA, a general medical practice, and then sent invoices to OFIMA itemizing the products delivered and requesting payment. All told, OTN sent OFIMA twenty-three invoices covering products; these invoices (hereinafter referred to as the "product

invoices") cover the period of time beginning March 1, 2000 and ending May 11, 2000, and they total $135,402.07.[1]

Under the terms of the invoices OTN sent to OFIMA, if OFIMA failed to pay within seventy-five days, OTN was entitled to recover a 12% finance charge on any unpaid balance. Allegedly consistent with that provision, in addition to the twenty-three product invoices, OTN sent OFIMA seven invoices covering only finance charges (the "finance charge invoices"). These invoices cover the period from March 31, 2000 to February 28, 2001 and total $9,765.96.[2] OFIMA failed to pay the balances reflected in

---

[1] The exact products covered in the invoices are not relevant for the Court's purposes today. But the dates and corresponding amounts are significant enough to be included. The product invoices consist of the following: (1) a 3/1/00 invoice for $16,004.89; (2) a 3/2/00 invoice for $6,661.13; (3) a 3/2/00 invoice for $942.33; (4) a 3/6/00 for $4,498.34; (5) a 3/8/00 invoice for $2,038.48; (6) a 3/08/00 invoice for $1,977.67; (7) a 3/13/00 invoice for $1,981.65; (8) a 3/15/00 invoice for $6,212.24; (9) a 3/16/00 invoice for $41.97; (10) a 3/16/00 invoice for $1,062.83; (11) a 3/20/00 invoice for $3,790.89; (12) a 3/21/00 invoice for $4,900.89; (13) a 3/30/00 invoice for $2,088.60; (14) a 3/31/00 invoice for $4,020.24; (15) a 4/03/00 invoice for $9,657.41; (16) a 4/07/00 invoice for $4,740.51; (17) a 4/10/00 invoice for $19,828.08; (18) a 4/18/00 invoice for $4,612.23; (19) a 5/01/00 invoice for $11,734.96; (20) a 5/09/00 invoice for $364.16; (21) a 5/09/00 invoice for $16,663.17; (22) a 5/11/00 invoice for $9,601.73; and (23) a 5/11/00 invoice for $1,977.67.

[2] The finance charge invoices consist of the following: (1) a 3/31/00 invoice for $1,529.98; (2) a 4/30/00 invoice for $1,466.11; (3) a 5/31/00 invoice for $1,294.23; (4) a 6/30/00 invoice for $1,439.39; (5) a 11/30/00 invoice for $1,348.14; (6) a 12/31/00 invoice for $1,344.14; (7) a 2/28/01 invoice for $1,343.97.

2

the product and finance charge invoices, and OTN sued.

In its complaint, OTN alleged claims for breach of contract, for quasi-contractual remedies, and for recovery under an account stated theory. OTN moved for summary judgment on all three claims, and, to support its motion, OTN submitted the twenty-three product invoices as evidence of the contractual relationship between the parties and as evidence of the balance owed on that account. OTN also submitted the seven finance charge invoices, though it made no showing that those invoices actually related to the unpaid balance resulting from the twenty-three product invoices. In fact, the dates on at least some of the finance charge invoices suggest that they could not, consistent with the seventy-five-day provision, be related to the product invoices OTN submitted with its motion. The finance charge invoice dated March 31, 2000, for example, could only relate to an unpaid balance existing on or before early January of 2000; yet the earliest product invoice is dated March 1, 2000, just thirty days before that finance charge invoice was issued.

In connection with the motion for summary judgment, OFIMA acknowledged that it had ordered merchandise from OTN, but provided evidence showing that it had paid at least part of the alleged outstanding balance. OFIMA showed that it had paid $15,842.54 on its account, and it also showed that OTN had issued

additional credit memoranda in the amount of $6,829.64. OTN disputed that OFIMA was entitled to these credits, but it failed to offer any evidence to support its position. The Court therefore concluded that OFIMA was entitled to credits in the amount of $22,672.18.

Based upon the documentary evidence submitted by the parties, and based upon the admissions and arguments made by the parties, the Court found that OTN had proven the existence of an account stated, and it, therefore, granted OTN's motion for summary judgment on that theory (the Court denied the motion with respect to the breach of contract and quasi-contract claims). Additionally, based upon the invoices and the evidence OFIMA submitted concerning credits, the Court found that judgment should enter in OTN's favor in the amount of $121,490.96. OTN now asks the Court to award interest on that judgment.

### DISCUSSION

In its motion, OTN asks the Court, under Rule 59(e) of the Federal Rules of Civil Procedure, to amend the May 12, 2003 judgment to add an award of prejudgment interest, consistent with the Illinois Interest Act, 815 ILCS 205/2. The Interest Act provides that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other

instrument of writing; . . . on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance . . . ." 815 ILCS 205/2 (West 2000). The statute allows a plaintiff to collect interest on an account stated claim. *See Katten Muchin & Zavis v. Elder Care Services, Inc.*, No. 91 C 5256, 1992 WL 51698, at *4 (N.D. Ill. March 9, 1992). Interest would run on this type of claim from the date of billing of the liquidated amount, which in this case would vary for each invoice. *See id.*, (citing *Chicago & Eastern Railroad Co. v. Martin Bros.*, 87 Ill. App. 3d 327, 408 N.E.2d 1031, 1037 (1980)).

OFIMA urges the Court to deny OTN's interest request for three reasons. First, OFIMA argues that OTN's motion is procedurally improper under Rule 59(e). The United States Supreme Court has held otherwise, *see Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989) ("a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply"), and so the Court quickly rejects this argument.

OFIMA next argues that an award of interest would be improper because the judgment amount already includes finance charges. As a practical matter, OFIMA argues, OTN has already

5

been adequately compensated for the time value of money, and an award of interest on top of that would amount to a double recovery. Finally, OFIMA argues that an award of prejudgment interest is appropriate only where the damages are liquidated, and that was not the case here. Before addressing these arguments, the Court must re-examine its calculation of the underlying judgment amount.

When it entered summary judgment in OTN's favor, the Court did not provide any details concerning its calculation. But, a further review of the invoices and the other documentary evidence shows that the numbers simply do not add up. The Court stated that the total due on the invoices (the product invoices and the finance charge invoices) was $144,163.14. But that is not correct. The product invoices total $135,402.07 and the finance charge invoices total $9,765.96, for a combined total of $145,168.03. The Court's use of the $144,163.14 number is perhaps understandable, given that this was the number pushed by OTN in its papers. But understandable or not, this number is not supported by the evidence.[3]

---

[3] Further confusing the math here, OTN's Financial Services Manager, Laura Bennett, submitted an affidavit in support of OTN's summary judgment motion stating that OFIMA's total outstanding balance was $128,320.66. The Court has no idea how Ms. Bennett arrived at that number, as it does not seem to be supported by the invoices.

6

Another source of confusion is whether the finance charge invoices were included in the judgment amount, and, if so, whether they should have been. At one point in its summary judgment opinion, the Court stated that the relevant invoices were those dated between March 1, 2000 and May 11, 2000, see *Oncology Therapeutics Network v. Olympia Fields Internal Medicine Associates*, No. 01 C 2079, 2003 WL 21087954, at *7 (N.D. Ill. May 13, 2003), which suggests that the finance charge invoices are not included in the judgment calculation. Elsewhere, the Court seems to indicate that it intended to include the finance charge invoices in the judgment. See id. ("Therefore, OFIMA has implied its consent to purchase the merchandise listed on the invoices for the stated prices, as well as the finance charges . . . ."). To the extent the Court's prior judgment award included the amount of the finance charge invoices, that was a mistake. As noted above, OTN made no showing that those finance charges actually accrued on balances covered by the product invoices OTN submitted. And, in fact, at least some of those invoices could not, consistent with the terms of the parties' relationship, have related to those invoices. Thus, the starting point for the judgment calculation should have been $135,402.07, the amount of the product invoices. Reducing this sum by $22,672.18 (the amount of the credits to which OFIMA was entitled), the Court

7

finds that the amount of the judgment should have been $112,729.89, not $121,490.96. And the Court's May 12, 2003 opinion is amended to reflect this judgment amount.

The Court's explanation of the judgment calculation resolves OFIMA's argument that an award of interest on top of the finance charges would amount to a double recovery. As explained above, the judgment, as amended, excludes the finance charge invoices, and so there is no risk that OTN will be compensated twice for the time value of money.

Finally, the Court considers OFIMA's claim that interest is improper here because the damages OTN sought were not liquidated. OFIMA's fixation with liquidated damages is misplaced. Under Illinois law, interest is allowed where damages are "liquidated **or can be ascertained by simple and certain computation.**" *Kaiser Agricultural Chemicals v. Rice*, 138 Ill. App. 3d 706, 712, 486 N.E.2d 417, 422 (1985) (emphasis added). The latter may be true even if the amount requires legal ascertainment. *See Michigan Avenue National Bank of Chicago v. Evans, Inc.*, 176 Ill. App. 3d 1047, 1061, 531 N.E.2d 872, 881 (1988)(citing *LaGrange Metal Products v. Pettibone Mulliken Corp.*, 106 Ill. App. 3d 1046, 436 N.E.2d 645 (1982)).

Here, despite the mistakes and confusion noted above, the damages were subject to simple and certain computation. In

8

finding that OTN had proven the existence of an account stated, the Court recognized that there was "[a]n agreement between the parties . . . that the account representing the transactions between them is true, and that the balance is accurate." *See Toth v. Mansell*, 207 Ill. App. 3d 665, 671-72, 566 N.E.2d 730, 734 (1990), *quoted in Oncology Therapeutics Network*, 2003 WL 21087954, at *6. In other words, the Court found that both parties agreed to the accuracy of the product invoices submitted in support of OTN's motion, and that both parties agreed that those invoices evidenced the amount of OFIMA's debt to OTN. *See Oncology Therapeutics Network*, 2003 WL 21087954, at *7. Although it is true that the parties disputed the amount of the credits to which OFIMA was entitled, that dispute does not take the case outside the scope of the Illinois Interest Act. *See In re Assured Fastener Products Corp.*, 38 B.R. 161, 163-64 (Bankr. N.D. Ill. 1984) (a "setoff claim is not an objection to the accuracy of the [underlying] account").

Based on the foregoing, the Court finds that OTN is entitled to an award of prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2. Interest accrues, at the rate of 5%, from the date of billing. In this case, there are multiple billing dates, because the clock will run separately for each product invoice from the date each was issued. OTN submitted a proposed

interest calculation, along with a spreadsheet backing up its proposal. But because that proposal includes interest on the finance charge invoices, the Court rejects it. OTN is directed to submit a revised spreadsheet showing the appropriate interest for the product invoices only, and covering the period from each invoice issuance date to the date of the judgment, May 12, 2003.

## CONCLUSION

For the reasons explained above, the Court amends its earlier judgment in two respects. First, the Court amends the judgment amount; judgment should have been, and hereby is, entered in the amount of $112,729.89, not $121,490.96. Second, the Court amends the judgment to include an award of prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2. If the parties are unable to agree to the amount of prejudgment interest, OTN is directed to submit a revised spreadsheet showing the amount of interest it contends should be awarded. After reviewing OTN's revised spreadsheet, and OFIMA's response thereto, the Court will issue a further order setting the exact amount of the interest award.

Dated: November 13, 2003              ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge